# EXHIBIT C

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2018 DEC 20 PM 12: 13

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LISA M. RUEDE, )
 )
    Plaintiff, )
 )
 ) CIVIL ACTION FILE
vs. ) NO.
 )
ACP PEACHTREE CENTER LLC, ) '8 C-09738-4
SPRING STREET RESTAURANT GROUP, LLC, )
AND JOHN DOES 1-5, )
 )
    Defendants. )
_____ )

## PLAINTIFF'S COMPLAINT FOR DAMAGES

NOW COMES Lisa M. Ruede (pronounced "RooDee"), Plaintiff herein, and through her counsel of record, files her Complaint for Damages and shows this Honorable Court the following:

1.

One or more Defendants owned, operated, occupied, managed, house kept, and/or maintained the Metro Café Diner located at 229 Peachtree Street, Atlanta, GA 30303 on August 11, 2017.

2.

One or more Defendants allowed a slip hazard to exist on the premises on that date at the relevant time.

3.

On August 11, 2017, early morning, the walking surface of the stairs in the Metro Café Diner was slippery.

4.

On August 11, 2017, the slippery stairs were in an area of the Metro Café Diner where patrons were expected to be.

5.

The following two photographs are true and accurate depictions of the subject stairs, showing a worn-out disrepaired slippery condition of the carpet that existed on the stairs on August 11, 2017:





6.

The stairs at the Metro Diner Café were a slip hazard on August 11, 2017, wet or dry.

3

7.

The step on the stairs at the Metro Diner Café where Lisa Ruede slipped on August 11, 2017, was wet, making the slippery stairs more slippery.

8.

One or more Defendants, by express or implied invitation, induced or led others, including Plaintiff, a patron, that is, a business invitee, to come to the premises for a lawful purpose.

9.

One or more Defendants was negligent by:

    (a)    active negligence by creating a slip hazard,

    (b)    allowing a slip hazard to remain,

    (c)    failing to inspect for a slip hazard,

    (d)    failing to detect a slip hazard; and/or,

    (e)    failing to correct a slip hazard.

10.

As a result of the conduct of one or more Defendants, Plaintiff slipped on the stairs at the Metro Diner Café on August 11, 2017.

11.

As a result of the conduct of one or more Defendants, Lisa Ruede slipped on the stairs at the Metro Diner Café on August 11, 2017, and fell hard to the floor.

12.

The fall of Lisa Ruede resulted in injuries to her head, shoulder and elbow.

13.

The fall of Lisa Ruede resulted in serious injuries.

14.

The fall of Lisa Ruede resulted in injury so serious to her shoulder that major surgery was required.



5

15.

The fall of August 11, 2017, caused by one or more Defendants, requires Lisa Ruede to undergo surgery to her shoulder.

16.

One or more Defendants are liable to Plaintiff Lisa Ruede for failure to exercise ordinary care to keep the Metro Café Diner premises safe on August 11, 2017.

17.

One or more Defendants are liable to Plaintiff Lisa Ruede for carelessness, negligence and/or gross negligence in the ownership, operation, occupation, management, maintenance, and/or housekeeping with regard to safety of the subject stairway walking surface inside the Metro Café Diner on August 11, 2017.

18.

One or more Defendants had actual and/or constructive notice that the stairs were a dangerous slip hazard.

19.

As a direct and proximate result of the negligence of one or more Defendants, Plaintiff Lisa Ruede incurred medical and related expenses, lost income and/or has diminished earning capacity, endured pain and suffering, is currently having pain, is suffering, will have pain and will suffer in the future, and will suffer from personal injury damages in the future.

20.

The shoulder injury from the fall at Metro Cafe Diner has interfered with Lisa Ruede's normal living.

21.

The shoulder injury from the fall at Metro Cafe Diner will interfere with Lisa Ruede's normal living in the future.

22.

The shoulder injury from the fall at Metro Cafe Diner has interfered with Lisa Ruede's enjoyment of life.

23.

The shoulder injury from the fall at Metro Cafe Diner will interfere with Lisa Ruede's enjoyment of life in the future.

24.

The shoulder injury from the fall at Metro Cafe Diner has caused Lisa Ruede to lose some capacity to labor and earn money.

25.

The shoulder injury from the fall at Metro Cafe Diner has impaired the bodily health and vigor of Lisa Ruede.

26.

The shoulder injury from the fall at Metro Cafe Diner will impair the bodily health and vigor of Lisa Ruede.

27.

Lisa Ruede fears the extent of the shoulder injury caused by the fall at Metro Cafe Diner.

28.

Lisa Ruede has had actual pain caused by the fall at Metro Cafe Diner.

29.

Lisa Ruede will have actual pain in the future due to the fall at Metro Cafe Diner.

30.

Lisa Ruede has had actual suffering caused by the fall at Metro Cafe Diner.

31.

Lisa Ruede will have actual suffering in the future due to the fall at Metro Cafe Diner.

32.

Lisa Ruede has had mental pain and/or suffering, including anguish, caused by the fall at Metro Cafe Diner.

33.

Lisa Ruede will have mental pain and/or suffering, including anguish, in the future due to the fall at Metro Cafe Diner.

34.

Lisa Ruede had to limit activities due to the shoulder injury caused by

the fall at Metro Cafe Diner.

35.

Lisa Ruede will have to limit activities due to the shoulder injury caused by the fall at Metro Cafe Diner.

36.

One or more Defendants, per O.C.G.A. § 51-12-5.1(a) and (b) are liable for exemplary damages because of the aggravating circumstances of wanton misconduct and/or conscious indifference to consequences, in an amount to be proven at trial.

37.

One or more Defendants, per O.C.G.A. § 13-6-11 has acted in bad faith, has been stubbornly litigious, or has caused the Plaintiff unnecessary trouble and expense; Plaintiff is accordingly entitled to recover expenses of litigation.

## Defendants' Identities

38.

a. Defendant ACP PEACHTREE CENTER LLC is a foreign limited liability company and is subject to the jurisdiction and venue of this Court in Gwinnett County.

b. Defendant ACP PEACHTREE CENTER LLC may be served by delivering a copy of the Summons and Complaint to its registered agent for

9

service: Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, Gwinnett County, Georgia 30092.

39.

a. Defendant SPRING STREET RESTAURANT GROUP, LLC is a domestic limited liability company and is subject to the jurisdiction and venue of this Court in Gwinnett County.

b. Defendant SPRING STREET RESTAURANT GROUP, LLC may be served by delivering a copy of the Summons and Complaint to its registered agent for service: Muzaffer Saritas, 2220 Gracehaven Way, Lawrenceville, Gwinnett County, Georgia 30043.

40.

Defendants John Doe 1-5, whether singular or plural, are those entities or persons, if any, whose wrongful conduct caused Plaintiff injuries and damages. The identities of any John Does are unknown, but can be substituted by amendment if and when ascertained, if Plaintiff decides to. John Does may include, but not be limited to, manager(s) of Metro Diner Café, ACP PEACHTREE CENTER LLC and/or SPRING STREET RESTAURANT GROUP, LLC , employee(s) of Metro Diner Café, ACP PEACHTREE CENTER LL and/or SPRING STREET RESTAURANT GROUP, LLC, responsible for floor safety, and/or person(s)and/or company/companies responsible for maintenance and upkeep of the air conditioning system and/or plumbing that was dripping water onto the subject stair system at the time of the

subject fall, and/or person(s)and/or company/companies responsible for maintenance, upkeep, and/or housekeeping of the subject stair system.

41.

A combination of two or more Defendants are joint tortfeasors with regard to the facts listed in this complaint, and are jointly and severally liable for the personal injuries and damages caused to Plaintiff Lisa M. Ruede.

WHEREFORE, Plaintiff Lisa Ruede prays for the following:

(a) That process issue and service be had on Defendants;

(b) That judgment be granted in favor of the Plaintiff and against Defendant(s), in an amount to be determined by the enlightened conscience of a fair and impartial jury, for past and future medical and related expenses, and past, current and future pain and suffering;

(c) Judgement in favor of Plaintiff and against Defendant(s) for exemplary damages;

(d) That Plaintiff recovers the expenses and costs of this action; and

(e) For such other and further relief as the Court deems just and proper.

11


Respectfully submitted,

/s/ LNB by Bruce Berger w/express
LLOYD N. BELL
Georgia Bar No. 048800

BELL LAW FIRM
1201 Peachtree Street, N.E.
Suite 2000
Atlanta, GA  30361
404-249-6768 (voice)
404-249-6764 (fax)
bell@BellLawFirm.com

BRUCE BERGER
Georgia Bar No. 054250

BERGER LAW FIRM
One Atlantic Center – Suite 2343
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 795.5124 (direct)
(404) 797.7631 (cell)
(678) 999.3109 (fax)
bruce@blfatl.com

Attorneys for Plaintiff