# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOME-OWNERS INSURANCE COMPANY AND AUTO-OWNERS INSURANCE COMPANY,<br><br>　　　　PLAINTIFFS,<br>VS.<br><br>SPRING STREET RESTAURANT GROUP, LLC; LISA RUEDE; AND JOHN DOES 1-5.<br><br>　　　　Defendants. | Civil Action File<br><br>No. 1:20-cv-00306-JPB |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

COMES NOW, SPRING STREET RESTAURANT GROUP, LLC (hereinafter "Spring Street"), a Defendant in the above styled action, by and through the undersigned attorneys, and files herein its Response in Opposition to Plaintiffs Home-Owners Insurance Company and Auto-Owners Insurance Company Motion for Leave to File Surreply (hereinafter, "Motion")[1] and in support thereof states as follows:

---

[1] Capitalized terms not defined in this Reply shall have the meaning as-defined within Spring Street's *Brief in Support of Its Motion to Dismiss* [Doc. No. 9].

## INTRODUCTION

As set forth herein, Plaintiffs' Motion is merely Plaintiffs' unpermitted attempt to have 'the last word' on Spring Street's pending Motion to Dismiss.[2] The local rules for the Northern District of Georgia, the Federal Rules of Civil Practice, as well as governing precedent within the Eleventh Circuit all do not generally authorize surreplies, and particularly bar a surreply as proposed by Plaintiffs. Accordingly, this Court must deny Plaintiffs' motion for leave to file the proposed surreply.

## ARGUMENT

**I.     SURREPLIES ARE GENERALLY PROHIBITED.**

In order to streamline a court's docket, as well as in an attempt to wrangle the inevitably competitive nature of litigants and their attorneys, the Federal Rules of Civil Procedure, and this Court's Local Rules, limit and proscribe the number of responses each party may file to a pending motion.

As presciently outlined by this Court over twenty years ago, "[n]o

---

[2] This Motion is further troubling given Spring Street's consent and professional courtesy in extending Plaintiffs additional time to respond to the Motion to Dismiss, in order to avoid a 'no opposition' to the Motion to Dismiss under local rules.  *See* Doc. 15; L.R. 7.1(B). Indeed, 'no good deed goes unpunished.'  *See* Walter Map, DE NUGIS CURIALIUM ("left no good deed unpunished, no bad one unrewarded.")

authorization exists in the Federal Rules of Civil Procedure or the local rules for the Northern District of Georgia for parties to file surreplies." Garrison v. Northeast Georgia Medical Center, Inc., 66 F.Supp.2d 1336, 1340 (N.D. Ga. 1999).  In fact, a cursory review of the local rules for the Northern District of Georgia, over twenty years after Garrison, reflects that this remains the same today.  See, e.g., L.R. 7.1(B) ("Response to Motion") and L.R. 7.1(C) ("Reply").  Surreplies are generally unauthorized in federal practice, as "[t]o allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." Garrison at 1340.  As additionally noted by this Court, "surreplies typically will be permitted by the Court only in *unusual circumstances*, such as where a movant raises new arguments or facts in a reply brief." Owens v. Metropolitan Life Insurance Company, 323 F.R.D. 411, 414 (N.D. Ga. 2017) (emphasis added).

Here, as further set forth below, Spring Street raised no new arguments or new facts in its reply which may otherwise authorize this Court to give leave to Plaintiffs to have 'the last word' as to the pending Motion to Dismiss.  Accordingly, Plaintiffs' Motion must be denied.

**II.    SPRING STREET RAISED NO NEW ARGUMENTS OR NEW FACTS IN ITS REPLY WHICH MAY OTHERWISE PERMIT A SURREPLY.**

In light of the general disfavor in authorizing surreplies, courts have provided additional guidance to the exceptions and circumstances as to when a surreply may be authorized.

Particularly, in evaluating whether a 'new argument' or 'new fact' is raised within a reply brief which may warrant a surreply, a court must also look to the arguments and facts raised within the response.  Notably "[i]f… the new arguments simply respond to arguments raised in a response brief, **no surreply is warranted**." Chemence Medical Products, Inc. v. Medline Industries, Inc., 119 F.Supp.3d 1376, 1383 (N.D. Ga. 2015) (emphasis added).

Within Plaintiffs' Motion, Plaintiffs identify two points they assert are newly raised within Spring Street's reply which permit a surreply, namely (1) the pleaded facts reflect timely notice as to the underlying incident; and (2) service upon Spring Street in the underlying action was insufficient.  See Doc. 20, p. 5.

First, in response to Plaintiffs' Motion to Dismiss, Plaintiffs raised the contention that "Spring Street's argument ignores the fact… that the Policies require timely notice … of the "occurrence" / incident giving rise to the lawsuit." [Doc. 16, p. 24].  Plaintiffs continued therein to argue that notice was not provided of the incident until multiple months thereafter.  Id.  In response thereto to the argument raised within Plaintiffs' own responsive briefing, Spring Street proceeded to reply

and set forth the deficiencies of Plaintiffs' responsive briefing as to the argument raised. *See* Doc. 17, pp. 8-9 ("Contrary to Plaintiffs' subsequent assertions, the facts as alleged…"). Spring Street's reply brief directly and concisely tackles the point first raised by Plaintiffs – as contemplated within Chemence, Spring Street's response to those matters as raised and argued by Plaintiffs do not permit a surreply.

Second, contrary to Plaintiffs' Motion, the insufficient service of process was first raised within Spring Street's Motion to Dismiss – *see, e.g.*, Doc. 9, pp. 6, 7, 31. In light of this argument being raised within Spring Street's Motion to Dismiss, Plaintiffs elected to argue in response that the sufficiency of service would not wholly dispose of the pending Complaint. *See* Doc. 16, pp. 15, 23. Plaintiffs even acknowledge this being a point raised by Spring Street within its Motion to Dismiss in their responsive briefing – "[a]s noted by Spring Street, the issue of whether [the parties in the underlying action] were entitled to open default… due to defective service of process … is on appeal." [Doc. 16, p. 14].

In applying the Chemence holding, and at worst in applying the arguments asserted within the instant action, it is noted "[t]hat's not a 'new' argument; rather it [] responds, albeit in slightly different terms, to an argument Plaintiffs raised in their response." Perrigo Co. v. Merial Ltd., 215 F.Supp.3d 1329, 1333 (N.D. Ga. 2016) (*denying leave to file a surreply*).

Contrary to Plaintiffs' assertions that Spring Street out of whole cloth raised a new argument in its reply, Plaintiffs failed to review or recall the prior briefings which raised the contested arguments, to which Spring Street was merely responding to within its reply brief.[3]  As a matter of law, Plaintiffs' prior assertion of these same arguments affords Spring Street the opportunity to reply to Plaintiffs' arguments and not otherwise be subject to 'an endless volley of briefs', as otherwise not permitted within federal practice.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs are not otherwise authorized or permitted under Eleventh Circuit precedent, Federal Rules of Civil Procedure, or this Court's local rules to file a surreply.  Spring Street, as cited herein, was either responding to arguments asserted by Plaintiffs or continuing to advance an argument previously raised within its initial Motion to Dismiss the Complaint.  Accordingly, Plaintiffs' unfounded Motion must be denied, and Spring Street further respectfully requests that this Court grant the pending and fully briefed Motion to Dismiss the Complaint with prejudice.

Respectfully submitted this 22nd day of May, 2020.

---

[3] Plaintiffs' own lack of diligence appears to be a troubling trend within the instant litigation.  *See* footnote 2, above.

| | |
|---|---|
| **The Gilroy Firm, LLC**<br>3780 Mansell Rd, Ste 140<br>Alpharetta, GA 30022<br>Telephone:  (678) 280-1922<br>Facsimile:  (678) 280-1923<br>mkg@gilroyfirm.com<br>mft@gilroyfirm.com | **s/ Matthew F. Totten**<br>Monica K. Gilroy<br>Georgia Bar No. 427520<br>Matthew F. Totten<br>Georgia Bar No. 798589<br>*Attorneys for Defendant*<br>SPRING STREET RESTAURANT GROUP, LLC |

## **FONT CERTIFICATION**

The undersigned counsel for Defendant certifies that the within and foregoing MOTION TO DISMISS was prepared using Times New Roman 14-point font in accordance with LR 5.1C (N.D. Ga.).

This 22nd day of May, 2020..

/s/ Matthew F. Totten
MONICA K. GILROY
Monica.gilroy@gilroyfirm.com
Georgia Bar No. 427520
MATTHEW TOTTEN
Mattew.Totten@gilroyfirm.com
Georgia Bar No. 798589

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOME-OWNERS INSURANCE COMPANY AND AUTO-OWNERS INSURANCE COMPANY,<br><br>        PLAINTIFFS,<br>VS.<br><br>SPRING STREET RESTAURANT GROUP, LLC; LISA RUEDE; AND JOHN DOES 1-5.<br><br>        Defendants. | Civil Action File<br><br>No. 1:20-cv-00306-JPB |

## Certificate of Service

I hereby certify that I have this date served a true and correct copy of the **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**, upon all necessary parties by e-filing same on the court's CM/EMF system and/or by placing a true and correct copy of same in the First Class U.S. Mail with sufficient postage thereon and addressed to:

Mark T. Dietrichs
Christy M. Maple
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree St NE
The Peachtree, Ste 300
Atlanta, GA 30309

8

Respectfully submitted this 22nd day of May, 2020..

|  |  |
|---|---|
| **The Gilroy Firm, LLC**<br>3780 Mansell Rd, Ste 140<br>Alpharetta, GA 30022<br>Telephone:  (678) 280-1922<br>Facsimile:  (678) 280-1923<br>mkg@gilroyfirm.com<br>mft@gilroyfirm.com | **s/ Matthew F. Totten**<br>Monica K. Gilroy<br>Georgia Bar No. 427520<br>Matthew F. Totten<br>Georgia Bar No. 798589<br>*Attorneys for Defendant*<br>SPRING STREET RESTAURANT GROUP, LLC |